## LOEBER *v.* ROBERTS.

*(Superior Court of New York City, General Term.* May 5, 1890.)

PLEADING—BILL OF PARTICULARS.

In an action to recover damages for injury to plaintiff's property by the negligence of defendant in setting fire to the same, the answer alleged that plaintiff had had in his possession highly inflammable materials, which were liable to burn spontaneously, and that the negligent keeping of these chemicals caused the fire. Defendant was ordered to furnish a bill of particulars specifying "wherein said materials were negligently and carelessly used or exposed by plaintiff so as to cause said fire," and also what dangerous or highly combustible materials, likely to ignite at a low temperature, etc., were carelessly kept and exposed by plaintiff. *Held,* that the first of the above requirements should be stricken out, and the other modified so as to require defendant to specify the materials referred to, or, if he is unable to specify them, to give a sufficient reason why he is not able to be more specific, and further to give as full a description as he is able to.

Appeal from special term.

Action by Charles H. Loeber against Isaiah L. Roberts to recover damages for injury done to plaintiff's property by the negligence of defendant in setting fire to the same. Defendant, after setting up substantially a general denial, in his second defense alleges that the fire was caused by certain highly volatile, inflammable, or dangerous materials kept on the premises by plaintiff, and which, by their inflammable character, took fire, and that the negli-

gent keeping of such materials by plaintiff contributed to such loss. In his third defense, defendant realleged the same facts by way of a counter-claim. Plaintiff then moved for a bill of the particulars as to the second and third defenses. The motion was granted, and defendant required to furnish a bill of the particulars of the second defense and counter-claim in his answer contained, specifying (1) what highly volatile, inflammable, or dangerous materials were used by plaintiff, and by their inflammable character took fire; (2) wherein said materials were negligently and carelessly used or exposed by plaintiff so as to cause said fire; and (3) what dangerous, volatile, inflammable, or highly combustible materials likely to ignite at a low temperature, or to undergo chemical decomposition and to generate reaction, whereby combustion might ensue, were carelessly kept and exposed in plaintiff's room. Defendant appeals.

Argued before SEDGWICK, C. J., TRUAX and DUGRO, JJ.

A. S. Cushman, for appellant.   William C. Beecher, for respondent.

PER CURIAM. It seems to be at the least doubtful that defendant could not maintain his defense on the trial although he should fail to prove the specific names of the materials which he is called upon to specify by the order granted below. It would promote the just investigation of the case not to call upon the defendant now and finally to specify "what highly volatile, inflammable, or dangerous materials were used by plaintiff, and by their inflammable character took fire, and what dangerous, volatile, inflammable, or highly combustible material likely to ignite at a low temperature, or to undergo chemical decomposition and to generate reaction, whereby combustion might ensue, were carelessly kept and exposed in plaintiff's room." The part of the order described should be modified so as to require the defendant to furnish a verified bill of particulars specifying the materials referred to, or, in case he states in the bill that he is not able to specify them, or any of them, to give a sufficient reason why he is not able to be more specific, and further to give the description of such material as fully as he is able to. The second requirement of the order should be omitted. It is: "Wherein said materials were negligently and carelessly used or exposed by said plaintiff so as to cause said fire." This involves the defendant being confined in his evidence in a matter that is now as much within the knowledge of the plaintiff as of the defendant, and is not a case where it is necessary for the plaintiff to know what he will be called upon to meet. He was bound to take ordinary care as to the materials he had in his rooms. He knows what kind of care, in fact, should have been taken of them. The defendant, by his answer, proposes to prove that he did not take the proper care. The order, modified as has been indicated, should be affirmed, without costs.